FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 OCT 26 PM 2:55
CLERK_____
SO. DIST OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ALFRED LEE JACOBS, | ) |
| Plaintiff, | ) |
| v. | ) CV 318-060 |
| LT. SHANNETTE TAYLOR; LT. FRANKLIN; FNU WASHINGTON, Chief Counselor; OFFICER WILCHER; and LARHONDA SCOTT, | ) |
| Defendants. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 12.) The Magistrate Judge recommended dismissing the case without prejudice as a sanction for Plaintiff providing dishonest information about his filing history. (See doc. no. 8.) Plaintiff does not deny he filed the undisclosed cases identified by the Magistrate Judge but claims he did not disclose them because he is not an experienced litigator and did not proceed *in forma pauperis* ("IFP") in those cases. (Doc. no. 12, p. 1.)

The plain language of the complaint form explains a prisoner plaintiff must disclose his prior filing history. (Doc. no. 1, pp. 1-3.) As the Magistrate Judge explained, Plaintiff misstated his prior history by failing to disclose at least two federal cases initiated by Plaintiff. (Doc. no. 8, p. 3.)

Plaintiff argues he should be excused from providing honest responses because he has a lack of knowledge, experience, and legal assistance. (Doc. no. 12, p. 1.) However, it is incumbent on Plaintiff, who signed his complaint under penalty of perjury, to provide accurate information about his prior filing history. Moreover, Plaintiff's contention he failed to disclose the previous cases because they were "not filed under *in forma pauperis*" rings hollow because Plaintiff did, in fact, proceed IFP in both cases. See Jacobs v. Adelman, CV 508-019, doc. no. 3 (S.D. Ga. Feb. 27, 2008); Jacobs v. Coffee Cty. Sheriff's Dep't, CV 505-082, doc. no. 3 (S.D. Ga. Nov. 30, 2005). As the case law cited in the Report and Recommendation makes clear, failing to disclose prior filing history will not be tolerated, and the Eleventh Circuit has repeatedly approved of dismissing a case without prejudice as a sanction. (See doc. no. 8, pp. 3-4.)

Finally, on October 1, 2018, Plaintiff filed an amended complaint. (Doc. no. 11.) As no Defendant had been served with a copy of the complaint or filed an answer, under Fed. R. Civ. P. 15(a), Plaintiff was entitled to file an amended complaint. Plaintiff's filing of an amended complaint cannot cure his failure to be truthful in the first complaint and dismissal is thus still appropriate. Furthermore, Plaintiff failed to remedy his failure to disclose his past filings in his amended complaint. (See id. at 1-3.)

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES AS MOOT** Plaintiff's motion for appointment of counsel, (doc. no. 10), **DISMISSES** this case without prejudice as

2

a sanction for Plaintiff's abuse of the judicial process, and **CLOSES** this civil action.

SO ORDERED this 26 day of October, 2018, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE